IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GLADYS BOLES, HERK BOLTON, HARRIET S. BOLTON, KEVIN CAMPBELL, C. PAUL CHISENA, BERTHA B. CHISENA, LENA B. COOK, JEWELL COX, RUTH COX, STEVEN W. KARKS, W.D. DARKS, RUBY DARKS, PATRICIA K. FULLER, JOSEPH A. FULLER, DOUG GENTILE, BARBARA KENEDY, GLENNELLA KEY, THOMAS A. KRUKOW, JUDITH M. KRUKOW, HERMAN L. ROGERS, MARY M. ROGERS, JAMES WADDEY, IMMOGENE WADDEY, DON G. WARD, BETTE M. WARD, for themselves and all other similarly situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>MARY SIOBHAN ENGLE, CLYDE ENGLE, JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE NON-PROFIT CORPORATIONS 1-10; AND DOE GOVERNMENTAL ENTITIES 1-10,<br><br>          Defendants.<br>_____ | CIVIL NO. 08-00438 ACK-KSC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR REMAND TO STATE COURT |

FINDINGS AND RECOMMENDATION TO GRANT
<u>PLAINTIFFS' MOTION FOR REMAND TO STATE COURT</u>

Before the Court is Plaintiffs' Motion for Remand to State Court ("Motion"), filed November 3, 2008.  On December 22, 2008, Defendant Clyde Engle ("Mr. Engle") filed a Statement of Position.  On December 24, 2008, Plaintiffs filed their Reply.

This matter came on for hearing on January 6, 2009.  Gary Grimmer, Esq. and Erika Lewis, Esq. appeared and George Grumley, Esq. appeared by phone on behalf of Plaintiffs.  Louise Ing, Esq. appeared on behalf of Mr. Engle.  After careful consideration of the Motion, the supporting and opposing memoranda, and the comments of counsel, the Court HEREBY FINDS and RECOMMENDS that Plaintiffs' Motion be GRANTED.

## BACKGROUND

On October 9, 2007, Plaintiffs filed a Complaint in the Circuit Court of the Second Circuit, State of Hawaii.  On January 16, 2008, Plaintiffs filed a First Amended Complaint ("FAC").  Plaintiffs served Defendants Clyde and Mary Siobhan Engle ("Ms. Engle") (collectively "Defendants") with the FAC on February

21, 2008. On May 27, 2008, Plaintiffs filed and served a Second Amended Complaint ("SAC"). In pertinent part, the Complaint, FAC and SAC all stated that "Plaintiff class representatives are all citizens and residents of the State of Tennessee. Members of the class they represent are citizens and residents of a number of the fifty United States including Illinois and Hawaii." Mot., Exs. A-C at ¶ 1.

On August 11, 2008, Defendants filed Answers to the SAC. Ms. Engle included a counterclaim and a cross-claim for damages and declaratory relief.

On August 1, 2008, Ms. Engle filed a motion to bifurcate discovery and schedule hearing on the question of class certification. On September 5, 2008, the state court issued an Order Denying (1) Mary Siobhan Engle's Motion to Bifurcate Discovery and Schedule Hearing on the Question of Class Certification, and (2) Oral Motion to Certify for Appeal. The state court gave full faith and credit to the class certification by the Circuit Court for the

21st Judicial Circuit at Centerville, Hickman County, State of Tennessee in <u>Boles, et al. v. National Development Company, Inc., et al.</u>, No. 94-5027C, and thus found it unnecessary to bifurcate discovery and schedule a hearing on class certification.  Mot., Ex. J at 2-3.

On October 3, 2008, Mr. Engle filed a Notice of Removal.  On October 6, 2008, Ms. Engle filed a Joinder in the Notice of Removal.

## DISCUSSION

Plaintiffs seek remand to the Circuit Court of the Second Circuit, State of Hawaii, on the following grounds: 1) the Notice of Removal was untimely; 2) Defendants waived any right to removal; 3) the jurisdictional amount in controversy is not satisfied; and 4) Defendants are citizens of Hawaii.  Mr. Engle does not oppose remand, but argues that the Court should not impose attorneys' fees and costs because he had an objectively reasonable basis for removing the case to federal court.  In light of the fact that Mr.

4

Engle does not oppose remand, the Court will recommend that the case be remanded and limit its discussion to whether an award of fees and costs is appropriate under 28 U.S.C. § 1447(c).

When a federal court remands a case, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The United States Supreme Court has stated that: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (citations omitted). The district court retains discretion to determine whether a given case presents unusual circumstances that warrant a departure from this rule. Id. The Martin Court also instructed that

> [t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

Id. After a careful review of the record and applicable law, the Court finds that Plaintiffs are entitled to an award of attorneys' fees and costs under § 1447(c) because Defendants lacked an objectively reasonable basis for seeking removal.  Mr. Engle asserts that he removed this case in good faith. Specifically, he proffers that the following bases for removal were objectively reasonable: 1) transfer of the case to the Northern District of Illinois and 2) diversity jurisdiction, which did not become apparent until the state court denied Ms. Engle's motion to bifurcate.

Plaintiffs argue, and the Court agrees, that Mr. Engle's justification that he removed the action in an effort to transfer the case to a more convenient

venue is irrelevant.  There is no statutory provision authorizing removal by a defendant to promote economy or to place a defendant in a position to transfer the removed case to another, more convenient venue. While the Court can appreciate efforts by the parties to promote judicial economy, such efforts or good intentions do not justify or provide a basis for removal.  Thus, removal is not objectively reasonable where it is founded upon considerations of convenience or economy.

     The more critical inquiry is whether Mr. Engle timely removed on the basis of diversity jurisdiction. Plaintiffs contend that the FAC and SAC expressly identified their state of residence and citizenship as Tennessee and as such, Defendants should have removed the action within thirty days of February 21, 2008, the date they were served with the FAC.  Mr. Engle counters that it was not until the state court denied Ms. Engle's motion to bifurcate discovery and schedule hearing on the question of class certification on

September 5, 2008 that Defendants became aware of the removability of the action.

Section 1446(b) of Title 28 of the U.S. Code governs the timing of removal.  It provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).  Section 1446 therefore affords two thirty-day windows during which a defendant may remove an action.  The Ninth Circuit has held that "the first thirty-day period for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial

pleading is removable on its face."  Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Indeed, "the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin."  Id. at 695.  In potential diversity cases, three removal scenarios present themselves: "1) the case clearly is removable on the basis of jurisdictional facts apparent from the face of the complaint . . . 2) the case clearly is not removable on the basis of jurisdictional facts apparent from the face of the complaint . . . ; or 3) it is unclear from the complaint whether the case is removable."  Id. at 692-93.  The third scenario is referred to as an "indeterminate pleading."  Id. at 693.

In summary, Mr. Engle maintains that the citizenship of all class members was relevant for determining diversity jurisdiction and without confirmation of the citizenship of class members, named and unnamed, or a determination about whether the state

9

court defined the action as a class action, Defendants could not have removed until the state court's September 5, 2008 decision.  The Court is unpersuaded.

The facts contained in the FAC, not whether Plaintiffs would be certified as a class by the state court, provided the basis for removal here.  The FAC (as well as the Complaint and SAC) states that "Plaintiff class representatives are all citizens and residents of the State of Tennessee.  Members of the class they represent are citizens and residents of a number of the fifty United States including Illinois and Hawaii."  Mot., Exs. A-C at ¶ 1.  All of the information Defendants required to ascertain whether complete diversity existed - that Plaintiffs are citizens of Tennessee - was clearly set forth in the Complaint, FAC and SAC.  Assuming that Defendants have properly represented that they are citizens of Illinois,[1] it was readily apparent that complete

---

[1] Plaintiffs contend that Defendants are actually citizens of Hawaii and could not have properly removed on that basis as well.  Defendants represent that they

10

diversity existed at the time Defendants were served with the FAC on February 21, 2008.  "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any Plaintiff."  Tosco Corp. v. Cmtys. for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001); Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (complete diversity of citizenship requires that each plaintiff be a citizen of a different state from each defendant); Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1095 (9th Cir. 2004) (same).

     Only the named Plaintiffs' citizenships would have impacted the removability of the action and any concerns about how class certification would affect

---

are citizens of Illinois but reside in Hawaii temporarily.  A defendant may remove such an action to federal court provided that no defendant is a citizen of the same state in which the action was brought.  See 28 U.S.C. § 1441(b).  Although Plaintiffs present a compelling argument, and the Court has some questions about Defendants' citizenship, this issue need not be addressed given the Court's conclusion about the untimeliness of the removal.  A finding in Plaintiffs' favor on this issue would provide another basis upon which to award fees and costs.

removability were unfounded.  This is because the citizenship inquiry is made only of named plaintiffs and defendants in both regular and class actions. Gibson v. Chrysler Corp., 261 F.3d 927, 941 (9th Cir. 2001) ("Examining only the claims of named class plaintiffs for purposes of the amount-in-controversy requirement in diversity class actions mirrors the treatment of the complete diversity requirement.  In both instances, subject matter jurisdiction depends only on the named plaintiffs."); In re Agent Orange Product Liability Litigation MDL No. 381, 818 F.2d 145, 162 (2d Cir. 1987) (quoting 13B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3606, at 424 (2d ed. 1986) ("[t]he courts look only to the citizenship of the representative parties in a class action")) ("[C]omplete diversity is required only between the named plaintiffs and the named defendants in a federal class action.").

　　　　Based on statutory authority and well-established case law, the Court finds Mr. Engle's

assertion that questions about the scope of citizenship of the real parties in interest necessitated the filing and adjudication of the motion to bifurcate in order to ascertain the removability of the action to be lacking and unpersuasive.[2]  As already discussed, it would not have mattered if, at the time Defendants were served with the FAC, unnamed parties in interest or class members were citizens of Hawaii and/or Illinois because their citizenship would not be taken into consideration for diversity purposes.  Federal removal jurisdiction on the basis of diversity "is determined (and must exist) as of the time the complaint is filed and removal is effected."  Strotek Corp. v. Air Transport Ass'n of America, 300 F.3d 1129, 1131 (9th Cir. 2002) (citations omitted).  As such, Defendants possessed all

---

[2]  Indeed, even Mr. Engle's Notice of Removal, while stating that Defendants only ascertained the existence of diversity of citizenship as a result of the September 5, 2008 order, cites to the SAC (not the order) as the source establishing Plaintiffs' Tennessee citizenship.  See Notice of Removal at ¶ 8(a).  As earlier discussed, the FAC contains identical "citizenship" language as the SAC.

13

the knowledge necessary to effectuate removal[3] at the time they were served with the FAC on February 21, 2008. Defendants' failure to timely file a notice of removal within thirty days thereafter precludes removal and Defendants' belated removal was therefore not objectively reasonable.

To support their Motion, Plaintiffs additionally argue that Defendants waived their right to remove. Because the Court has concluded that Defendants lacked any objectively reasonable basis for removal notwithstanding the procedural history in state

---

[3] The Court is aware that jurisdiction based on diversity also requires a $75,000 amount in controversy, as a United States district court only acquires diversity jurisdiction over an action when the amount in controversy exceeds $75,000, excluding interest and costs, and the action is between citizens of different states. See 28 U.S.C. § 1332(a)(1). Although the parties contest the amount in controversy, the Court need not reach this issue because it has determined that the Notice was untimely filed and for the purposes of this Motion, Mr. Engle has not argued that he could not determine whether the amount in controversy exceeded $75,000 from the pleadings so as to preclude removal during the first thirty day window. To the contrary, he insists that the amount in controversy well exceeds $75,000.

court, it is unnecessary to discuss the waiver issue.[4]

---

[4] The Court notes that in addition to being untimely, Mr. Engle's Notice of Removal was defective for failing to affirmatively state why Ms. Engle did not join in the removal.  Ordinarily, all the defendants in the state court action must consent to and join in the petition for removal with the exception of nominal, fraudulently joined or unknown defendants. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); Abrego Abrego v. Dow Chemical Co., 443 F.3d 676. 680 (9th Cir. 2006) (citation omitted).  This rule only applies, however, to those defendants properly served and joined in the action. Id. (citing Salveson v. Western States Bankcard Ass'n, 731 F.2d 1423, 1429 (9th Cir. 1984) overruled on other grounds by Ethridge v. Harbor House Restaurant, 861 F.2d 1389 (9th Cir. 1988)).  The Ninth Circuit therefore recognizes an exception in cases where defendants are not served and permits the defendant(s) summoned to remove without joining the unserved defendant(s). Salveson, 731 F.2d at 1429.  The exception is inapplicable here.

If fewer than all defendants join in removal, the removing party has the burden, under 28 U.S.C. § 1446(a), of affirmatively explaining the absence of the non-joining defendant(s) in the notice for removal. Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999) overruled on other grounds by Abrego, 443 F.3d at 670 (finding the removal notice insufficient where it stated that the defendants believed that many, rather than all, of the non-consenting defendants were not properly served).  Even though Ms. Engle filed a joinder in the Notice three days after Mr. Engle filed his Notice, the Notice in this case lacks any explanation for Ms. Engle's failure to join in the removal.

Having found that Defendants lacked any objectively reasonable basis for removal, and in exercising its discretion, the Court finds that an award of attorneys' fees and costs incurred in connection with the improper removal is appropriate and warranted in this case.  The reasonableness and amount of the fees and costs will be determined after Plaintiffs' counsel submits a declaration in conformance with Local Rules 54.2 and 54.3(d).

## CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS and RECOMMENDS that the district court GRANT Plaintiffs' Motion for Remand to State Court, filed November 3, 2008, and remand the action to the Circuit Court of the Second Circuit, State of Hawaii. The Court further recommends an award of fees and costs under § 1447(c).  Counsel shall submit a declaration in conformance with Local Rules 54.2 and 54.3(d) to support Plaintiffs' request for fees and costs, after which the Court will issue a findings and

16

recommendation as to the amount of the award.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, January 7, 2009.



_____
Kevin S.C. Chang
United States Magistrate Judge

BOLES, ET AL. V. ENGLE, ET AL., CV 08-00438 ACK-KSC; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR REMAND TO STATE COURT