IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GLADYS BOLES; HERK BOLTON; HARRIET S. BOLTON; KEVIN CAMPBELL; C. PAUL CHISENA; BERTHA B. CHISENA; LENA B. COOK; JEWELL COX; RUTH COX; STEVEN W. KARKS; W.D. DARKS; RUBY DARKS; PATRICIA K. FULLER; JOSEPH A. FULLER; DOUG GENTILE; BARBARA KENEDY; GLENNELLA KEY; THOMAS A. KRUKOW; JUDITH M. KRUKOW; HERMAN L. ROGERS; MARY M. ROGERS; JAMES WADDEY; IMOGENE WADDEY; DON G. WARD; BETTE M. WARD, for themselves and all other similarly situated,<br><br>       Plaintiffs,<br><br>  vs.<br><br>MARY SIOBHAN ENGLE; CLYDE ENGLE; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE NON-PROFIT CORPORATIONS 1-10; AND DOE GOVERNMENTAL ENTITIES 1-10,<br><br>       Defendants. | CIVIL NO. 08-00438 ACK-KSC<br><br>FINDINGS AND RECOMMENDATION ON ATTORNEYS' FEES IN CONNECTION WITH MOTION TO REMAND |

FINDINGS AND RECOMMENDATION ON ATTORNEYS' FEES IN CONNECTION WITH MOTION TO REMAND

      On January 7, 2009, this Court issued a Findings and Recommendation to Grant a Motion to Remand ("F&R") filed by Plaintiffs Gladys Boles et al. ("Boles"). In connection with the recommendation to remand the action to state court, the Court found that Boles was entitled to reasonable attorneys' fees and

costs[1] incurred as a result of the improper removal of the action by Defendants Mary Siobhan Engle et al. ("Engle")  See F&R at 16. The Court requested that Boles submit a declaration in support of the award of fees and costs.  On January 21, 2009, Boles submitted a Memorandum Regarding Award of Attorneys' Fees.  On February 2, 2009, Defendant Clyde Engle submitted a Response to Boles' Memorandum.  On February 17, 2009, Boles submitted a Reply in support of their Memorandum.

I.   Legal Standards

Under federal law, reasonable attorneys' fees are based on the "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433.  Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), that have not already been subsumed in the lodestar calculation.  See Fischer, 214 F.3d at 1119.

The factors articulated by the Ninth Circuit in Kerr are as follows:

> (1) the time and labor required, (2) the novelty

---

[1] On February 6, 2009, Boles submitted a Statement Regarding Submission of Bill of Costs.  The Statement indicated that the parties have reached an agreement regarding the payment of costs.  Therefore, Boles will not seek to recover their costs by submitting a bill of costs to this Court.

>           and difficulty of the questions involved, (3) the
>           skill requisite to perform the legal service
>           properly, (4) the preclusion of other employment
>           by the attorney due to acceptance of the case, (5)
>           the customary fee, (6) whether the fee is fixed or
>           contingent, (7) time limitations imposed by the
>           client or the circumstances, (8) the amount
>           involved and the results obtained, (9) the
>           experience, reputation, and ability of the
>           attorneys, (10) the 'undesirability' of the case,
>           (11) the nature and length of the professional
>           relationship with the client, and (12) awards in
>           similar cases.

Kerr, 526 F.2d at 70.  Several Kerr factors have been subsumed in the lodestar calculation.  For example, "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, . . . (4) the results obtained and (5) the contingent nature of the fee agreement" have been subsumed in either the reasonable hour or reasonable rate component of the lodestar calculation.  See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996) (citations omitted) (internal quotation marks omitted).  Once calculated, the "lodestar" is presumptively reasonable.  See Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

   A.   Reasonable Hourly Rate

        In determining the reasonableness of an hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account.  See Webb v. Ada County, 285 F.3d

829, 840 & n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community. See Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"). It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services. See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

Boles' requests the following fees for work performed by their attorneys and paralegal:

| NAME | HOURS | RATE | TOTAL |
|---|---|---|---|
| George L. Grumley | 14.5 | $390.00 | $5,655.00 |
| Craig G. Nakamura | 4.3 | $250.00 | $1,075.00 |
| Erika L. Lewis | 71.2 | $200.00 | $14,240.00 |
| Nathaniel A. Higa | 3.2 | $145.00 | $464.00 |
| Nenad Krek | .3 | $360.00 | $108.00 |
| Lesa G. Douglas-Wong | 6.8 | $150.00 | $1,020.00 |
| **TAX (4.16%)**[2] | | | $703.33 |

---

[2] The Hawaii general excise tax was assessed only on charges by Boles' Hawaii legal staff. The tax was not assessed on Mr. Grumley's charges.

4

| **TOTALS** | 100.3 | | $23,265.33 |
|---|---|---|---|

Mr. Grumley has been licensed to practice law in Illinois since 1972. Mr. Nakamura, Mr. Krek, Ms. Lewis, and Mr. Higa have been licensed to practice law in Hawaii since 1977, 1984, 2006, and 2008, respectively. Ms. Douglas-Wong has twenty-five years of paralegal experience, which includes fifteen years of litigation experience.

This Court is well aware of the prevailing rates in the community for similar services performed by attorneys and paralegals of comparable experience, skill, and reputation. Based on this Court's knowledge of the community's prevailing rates, the hourly rates generally granted by the Court, the Court's familiarity with this case, and the attorneys' submissions, this Court finds that Boles' attorneys and paralegal have hourly rates that exceed this community's prevailing rates. Accordingly, the Court hereby adjusts their hourly rates as follows: Mr. Grumley – $280; Mr. Krek – $240; Ms. Lewis – $165; Mr. Higa – 130; Ms. Douglas-Wong – $80.

    B.   Hours Reasonably Expended

Beyond establishing a reasonable hourly rate, a prevailing party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto. Ins. Co.,

821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  The court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  See Tirona, 821 F. Supp. at 637.  This Court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

After carefully reviewing the parties' submissions, the Court finds that the time spent in connection with the Motion to Remand was reasonable and necessary.  The Court also declines to adjust the lodestar calculation based on the Kerr factors.  The lodestar calculation reflecting the adjusted hourly rates for members of Boles' legal team is shown below:

| **NAME** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| George L. Grumley | 14.5 | $280.00 | $4,060.00 |
| Craig G. Nakamura | 4.3 | $250.00 | $1,075.00 |
| Erika L. Lewis | 71.2 | $165.00 | $11,748.00 |
| Nathaniel A. Higa | 3.2 | $130.00 | $416.00 |
| Nenad Krek | .3 | $240.00 | $72.00 |

| | | | |
|---|---|---|---|
| Lesa G. Douglas-Wong | 6.8 | $80.00 | $544.00 |
| **TAX (4.16%)**[3] | | | $576.37 |
| **TOTALS** | 100.3 | | $18,491.37 |

CONCLUSION

In accordance with the foregoing and based on this Court's earlier recommendation that Boles be awarded attorneys' fees and costs incurred in connection with the improper removal of this action, this Court FINDS and RECOMMENDS that the district court award Boles $18,491.37 in attorneys' fees. The Court recommends that the district court require Engle to remit payment in this amount to Boles by April 11, 2009.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, March 12, 2009.

 

Kevin S.C. Chang
United States Magistrate Judge

BOLES, ET AL. V. ENGLE, ET AL., CV 08-00438 ACK-KSC; FINDINGS AND RECOMMENDATION ON ATTORNEYS' FEES IN CONNECTION WITH MOTION TO REMAND.

---

[3] The applicability of this tax is explained in footnote 2.